■ SALLY MOREHOUSE, Respondent-Appellant, v VOLKSWAGEN AKTIENGESELLSCHAFT et al., Respondents, et al., Defendants. HERMANN'S GARAGE, Defendant and Third-Party Plaintiff-Respondent; AHMED MOTORS, Defendant and Third-Party Plaintiff; CARLETON LAWSON, Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Cross appeals from an order of the Supreme Court at Special Term, entered May 31, 1978 in Albany County, which granted summary judgment in favor of Hermann's Garage and Colonie Motors, Inc., and denied summary judgment in favor of Ahmed Motors, Cooley Motors Corporation and Carleton Lawson. The underlying action is one for personal injuries based on negligence, breach of warranty and strict liability in tort. Plaintiff was operating her recently purchased Volkswagen on the Massachusetts Turnpike when it left the highway and crashed, allegedly due to a defective rear axle tube. Plaintiff brought this action against the manufacturer and various garages that serviced the vehicle. Defendants Hermann's Garage and Ahmed Motors served third-party complaints on Carleton Lawson who sold the vehicle to plaintiff and Ahmed Motors also served a third-party complaint on Richard Moline, the initial owner of the vehicle. Thereafter, Ahmed Motors, Hermann's Garage, Cooley Motors, Colonie Motors and Lawson moved pursuant to CPLR 3212 to dismiss the complaint. Special Term denied the motions of Lawson, Cooley Motors and Ahmed Motors and granted summary judgment to Hermann's Garage and Colonie Motors. We are here concerned with appeals by Lawson and plaintiff. As to the third-party defendant Lawson, he submitted an affidavit of his attorney, excerpts from his examination before trial

and certain pleadings and contends he has established that he acted reasonably and without negligence in the care of the vehicle while he owned it. The crucial issue, however, is whether he had knowledge of the defective axle tube. This fact was exclusively within his knowledge and, consequently, Special Term properly denied the motion *(J & J Log & Lbr. Corp. v Hildebrand Mach. Co.,* 56 AD2d 910; *Gale-Oppenheimer v Weinstein,* 36 AD2d 536; Siegel, New York Practice, § 281). We also reject appellant's contention that Special Term improperly granted summary judgment to Hermann's Garage and Colonie Motors. The record demonstrates that neither of these defendants was requested to do any work on the rear axle. On the contrary, the record reveals that the only work done on the vehicle by Hermann's Garage was in connection with the carburetor and that the vehicle was brought to Colonie Motors because of difficulty in starting it and a problem with one of the directional signals. Appellants, in our view, failed to meet their burden of coming forward with evidentiary facts indicating a legally responsible link between these defendants and the injuries sustained *(Blake v Gardino,* 35 AD2d 1022, affd 29 NY2d 876). The order, therefore, should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.